IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JOEL D. CALDERON, *et al.*,      )
                                 )
     Plaintiffs,                 )
          v.                     )
                                 )    1:10cv129 (JCC)
AURORA LOAN SERV.,               )
INC., *et al.*,                  )
                                 )
     Defendants.                 )

**M E M O R A N D U M   O P I N I O N**

          This case is before the Court on a Motion to Dismiss
Counts One through Nine of the Complaint pursuant to Federal
Rule of Civil Procedure 12(b)(6) and to Add Certain Necessary
Parties as Defendants to Count Ten pursuant to Rule 12(b)(7),
filed by Aurora Loan Services, Inc., Mortgage Electronic
Registration Systems, Inc., and Atlantic Law Group, LLC
(collectively, the "Defendants"). [Dkt. 2.] In addition,
Defendants seek an Order from this Court directing that certain
parties be joined as new party defendants to Count Ten of the
Complaint, pursuant to Rules 12(b)(7) and 19 of the Federal
Rules of Civil Procedure. For the following reasons, the Court
will grant Defendants' unopposed Motion.

1

## I. Background

Plaintiffs are non-English speaking, foreign-born residents of the United States. (Compl. ¶ 13.) Plaintiff Romero has had some college education, while Plaintiff Calderon has a ninth grade level of education. (Compl. ¶ 13.) In June of 2005 the Plaintiffs were the owners of a residential property at 2022 Cumberland Drive, Woodbridge, Virginia 22191 (hereinafter, "Woodbridge Property"). (Compl. ¶ 18.) This case arises out of the June 29, 2005 refinancing of the mortgage on the Woodbridge Property in connection with Plaintiffs' purchase of a second residential property located at 71 Tracey Lane, Fredericksburg, Virginia 22406 (hereinafter, "Fredericksburg Property"). (Compl. ¶¶ 19, 22.) The Plaintiffs currently reside at the Fredericksburg Property. (Compl. ¶ 4.)

Although there are eight defendants in this case, only the following three Defendants join in the Motion to Dismiss: (1) Aurora Loan Services Inc. (hereinafter, "Aurora"), a Colorado corporation that maintains a principal place of business located at 10350 Park Meadows Drive, Littleton, Colorado 80124 (Compl. ¶ 5); (2) Atlantic Law Group, LLC (hereinafter, "Atlantic"), a Virginia limited liability company having a principal place of business located at 803 Sycolin Road, Leesburg, Virginia (Compl. ¶ 11); and (3) Mortgage

Electronic Registration Systems, Inc. (hereinafter, "MERS"), a foreign corporation licensed to do business in the Commonwealth of Virginia and having a principal place of business within the Commonwealth located at 1818 Library Street, Suite 300, Reston, Virginia 20190 (Compl. ¶ 12).[1]

In June of 2005, the Plaintiffs re-financed the mortgage on the Woodbridge Property. (Compl. ¶ 22.) As a part of this refinancing and, allegedly, "without their consent, understanding and/or knowledge of its terms," the Plaintiffs executed a Form 1003 Uniform Residential Loan Application ("URLA") setting forth a monthly income for Plaintiff Calderon of $7,502.17, more than twice Plaintiff Calderon's true monthly income at that time. (Compl. ¶¶ 22-23.) As a part of the refinancing, Plaintiff Calderon received a new loan in the amount of $320,000.00, amortized over thirty years, with an initial interest rate of 5.75%, adjustable every six months after the first five years with a cap on interest of 11.75%.

[1] There are also five non-moving defendants in this case. Defendant Kamaran Hanif is the President of defendant Buckingham Mortgage Corp., which has a principal place of business at 1593 Spring Hill Road, Suite 300, Vienna, Virginia 22182. (Compl. ¶ 7.) Defendant Rasim S. Tugberk is the Vice-President of defendant Buckingham Mortgage Corp. (Compl. ¶ 8.) Buckingham Mortgage Corp. (together with Kamaran Hanif and Rasim S. Tugberk, "Buckingham") is a Virginia corporation with a charter that was revoked on August 31, 2007, having a principal place of business located at 1593 Spring Hill Road, Suite 300, Vienna, Virginia 22182. (Compl. ¶ 6.) Defendant Ikon Realty, Inc. (hereinafter, "Ikon") is a Virginia corporation having a principal place of business located at 5709 Windsor Gate Lane, Fairfax, Virginia 22030. (Compl. ¶ 9.) Defendant Harshall Aharya (hereinafter "Aharya") is a Virginia licensed real estate agent working with Ikon at all relevant times. (Compl. ¶ 10.)

(Compl. ¶ 24.)  The Plaintiffs "cashed out" approximately $162,000.00 of the new loan and, on July 11, 2005, used $130,000.00 of these proceeds as a down payment on the Fredericksburg Property.  (Compl ¶¶ 25-26.)  The Plaintiffs also secured a separate loan for the purchase of the Fredericksburg Property in the amount of $375,000.00.  (Compl. ¶ 27.)  As part of the purchase loan and, allegedly, "without their consent, understanding and/or knowledge of its terms," the Plaintiffs again executed a Form 1003 URLA setting forth a monthly income for Plaintiff Calderon of $7,502.17, more than twice Plaintiff Calderon's true monthly income at that time.  (Compl. ¶ 26.)

All meetings and communications relative to obtaining both the refinancing of the Woodbridge property and the Fredericksburg purchase loan were conducted between Defendant Aharya (the real estate agent) and Defendant Buckingham (the lender).  (Compl. ¶ 21.)  Both URLAs were prepared by Defendant Buckingham.  (Compl. ¶¶ 23, 26.)  Plaintiffs allege that Buckingham was acting as "the agent of Aurora."  (Compl. ¶ 16.)

After Plaintiffs allegedly defaulted on their obligations under the refinancing of the Woodbridge Property, Defendant MERS, identifying itself as "*holder of a Deed of Trust dated June 24, 2005 . . . .,*" executed a Deed of Appointment of Substitute Trustees appointing Defendant Atlantic as "Substitute

4

Trustee" under the "Deed of Trust" for the Woodbridge Property. (Compl. ¶¶ 32, 35.) The Deed of Appointment was prepared on December 14, 2009 and was intended to be effective from November 20, 2007. (Compl. ¶ 35.) Plaintiffs allege that "at no time" was MERS a holder of the "Note" or "Deed of Trust", nor was it a "trustee" or "substitute trustee," nor, Plaintiffs allege, was MERS ever entitled to act in any capacity under the Deed of Trust. (Compl. ¶ 36.)

Plaintiffs have attempted to renegotiate the payments on the Fredericksburg loan but have been unsuccessful. (Compl. ¶ 33.) A foreclosure sale of the Woodbridge Property was scheduled for December 28, 2009. (Compl. ¶ 34.)

On December 28, 2009, Plaintiffs filed the Complaint in the Circuit Court for Prince William County, Virginia. The Complaint contains ten counts, eight of which seek monetary damages against various Defendants for alleged wrongdoings arising out of the refinancing of the Woodbridge Property and the subsequent purchase of the Fredericksburg Property in June and July of 2005, respectively. (Compl. ¶¶ 39-120.) In these eight counts, the Plaintiffs allege constructive fraud, fraud (intentional misrepresentation), fraud (concealment or nondisclosure), negligent misrepresentation, negligence, civil conspiracy, aiding and abetting, and violations of certain

statutory and/or regulatory provisions (*i.e.*, the Virginia

Consumer Protection Act, the Truth in Lending Act, Regulation Z,

the Real Estate Settlement Procedures Act, and Regulation X).

The ninth count is identified as a "Declaratory Judgment"

action, and the tenth count seeks "Injunctive Relief" barring,

among other things, the foreclosure of the Fredericksburg

Property.  After being served with process on January 21, 2010,

Defendant Aurora removed the case on February 16, 2010 to the

U.S. District Court of the Eastern District of Virginia.

Defendants Aurora, Atlantic, and MERS now move to dismiss Counts

One through Nine of the Complaint.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal

sufficiency of a complaint.  *See Randall v. United States*, 30

F.3d 518, 522 (4th Cir. 1994) (citation omitted).  In deciding a

Rule 12(b)(6) motion to dismiss, the Court is mindful of the

liberal pleading standards under Rule 8, which require only "a

short and plain statement of the claim showing that the pleader

is entitled to relief."  Fed. R. Civ. P. 8.  Thus, the Court

takes "the material allegations of the complaint" as admitted

and liberally construes the complaint in favor of plaintiffs.

*Jenkins*, 395 U.S. at 421.  In addition to the complaint, the

Court may also examine "documents incorporated into the

complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).

Although Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). Courts will also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 2009 WL 5126224, *3 (4th Cir. 2009) (citing *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n. 26 (4th Cir.2009)); *see also Ashcroft v. Iqbal*, 129 S.Ct 1937, 1951-52 (2009). In *Iqbal*, the Supreme Court expanded upon *Twombly* by articulating the two-pronged analytical approach to be followed in any Rule 12(b)(6) case. *Id.* First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations", a court must conduct a "context-specific" analysis, drawing on

7

"its judicial experience and common sense," and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. Satisfying this "context-specific" test does not require "detailed factual allegations." *Nemet Chevrolet, Ltd*., 2009 WL 5126224 at *4 (citing *Iqbal* at 1949-50 (quotations omitted)). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." *Id.*

### III. Analysis

Defendants' Motion to Dismiss is premised on two arguments: (1) that Counts One through Six and Eight are time-barred by various Statutes of Limitations; and (2) that Counts Four, Seven, and Nine fail to state a claim on which relief can be granted. The Court will address each argument in turn.

A. Statutes of Limitations

Jurisdiction is properly before this Court as a diversity matter under 28 U.S.C. § 1332, and a Court sitting in diversity "must apply the substantive law of the forum state." *See Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) (citations omitted). Because this action was originally filed in Virginia and the state law claims arise out of the refinancing of a piece of property located in Virginia,

done by residents of Virginia, and the loans were entered into in Virginia, Virginia law governs the state claims. (*See* Compl. ¶¶ 1, 4, 20 & 22).

Counts One (Constructive Fraud), Two (Intentional Misrepresentation), and Three (Concealment) all assert fraud claims. (Compl. ¶¶ 39-56.) Virginia Code § 8.01-243 states that "unless otherwise provided" by statute, "every action for damages resulting from fraud shall be brought within *two years* after the cause of action accrues." Va. Code § 8.01-243 (emphasis added). An action for fraud accrues when it "is discovered or by the exercise of due diligence reasonably should have been discovered . . . ." Va. Code § 8.01-249. What comprises the exercise of reasonable due diligence is what is "properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances." *Schmidt v. Household Finance Corp., II,* 276 Va. 108, 118, (Va. 2008) (citing *STB Marketing v, Zolfaghari,* 240 Va. 140, 144 (1990)). "Whether such due diligence has been exercised must be ascertained by an examination of the facts and circumstances unique to each case." *STB Marketing,* 240 Va. at 145.

Here, Defendants argue that the Plaintiffs' causes of action accrued in 2005. The allegations that form the basis of the fraud claims are that the Defendants "owed a fiduciary duty

to truthfully disclose certain details to Plaintiffs in connection with the purchase of the subject property;" that the Defendants made false statements and representations to Plaintiffs regarding Plaintiffs' qualifications for the mortgage loans; and that the Defendants "failed to disclose material information regarding the terms of the loans." (*See* Compl. ¶¶ 22-24, 28, 31, 41-42, 47-48, 54-55.)  This alleged behavior occurred in 2005 contemporaneous with the time Plaintiffs signed numerous documents as part of the refinancing of the Woodbridge Property and the purchase and mortgage of the Fredericksburg Property.  (*See* Compl. ¶¶ 19-22, 26, 28, 30.)  The Defendants argue that the alleged wrongdoing was either "discovered" or "reasonably should have been discovered" by Plaintiffs in 2005, more than two years prior to the filing of the Complaint on December 28, 2009.  *See* Va. Code § 8.01-249.  This Court agrees.

As Plaintiffs have not opposed this motion, they offer no argument regarding the exercise of reasonable due diligence. Under Virginia law, the burden is on the Plaintiff to show that they "filed this action within two years of the time when, 'by the exercise of due diligence [the alleged fraud] reasonably should have been discovered.'" *Schmidt at* 119 (citing Va. Code § 8.01-249(1)).  In essence, the Plaintiffs' Complaint alleges that the documents they signed to secure the loans at issue,

which included an inflation of their income, were not explained to them and that, as a result, they were approved for a loan they should not have been and were thus "allowed" to purchase a second property they could not afford.  The Court considers that Plaintiffs are non-English speaking, and have a somewhat limited education level.  Plaintiffs, however, clearly sought out and purchased a second home knowing that their annual income was only $40,000.00.  They secured their original mortgage, as well as the two additional mortgages at issue, and signed hundreds of pages of documents for both the refinancing and the purchasing agreement.  The Court finds that, through the exercise of due diligence, the allegedly fraudulent acts reasonably should have been discovered at the time the loans were secured, in 2005.  As a result, in accordance with Va. Code §§ 8.01-243 & 8.01-249 and in the absence of any argument to the contrary by the Plaintiffs, the Court finds that the statute of limitations for Counts One, Two, and Three expired in 2007 and these claims shall be dismissed.

Counts Four and Five assert state negligence claims. (*See* Compl. ¶¶ 57-70.)  Like a fraud action, a negligence cause of action must be commenced within two years of when such an action accrues.  (*See* Va. Code § 8.01-243 (2009)).  The accrual date for a negligence action is at the time of injury.  Va. Code

§ 8.01-230 (2009).  Under Virginia law, "an injury is deemed to occur, and the statute of limitations begins to run, whenever any injury, however slight, is caused by the negligent act, even though additional or more severe injury or damage may be subsequently sustained as a result of the negligent act." *Wade v. Danek Med., Inc. et al.*, 182 F.3d 281, 285 (4th Cir. 1999) (citing, among others, *St. George v. Pariser*, 253 Va. 329, 332 (Va. 1997)).  Again, the acts that constitute the alleged negligence that serve as the basis for Counts Four and Five occurred in 2005.  (*See* Compl. ¶¶ 58-61, 67-68.)  Plaintiffs also specifically allege that they suffered damage in 2005 as a result of negligence.  (*See* Compl. ¶¶ 63-64, 67-70.)  Plaintiffs have not opposed Defendants' motion and offer no alternative argument as to why the "injury" did not occur in 2005.  As the Complaint was filed on December 28, 2009, more than two years from when the alleged injury occurred and the cause of action accrued, these claims are timed-barred and shall be dismissed. *See* Va. Code § 8.01-230 (2009).

Count Six asserts a claim of civil conspiracy between Defendants Buckingham, Aurora, and John Does 1-50 to participate in a "conspiracy to defraud Plaintiffs." (Compl. ¶¶ 74-75.)[2]  "A

---

[2] The Court notes that the conspiracy count contains some vague and unsubstantiated allegations regarding mortgage-backed securities.  Because the Plaintiffs' theory of recovery hinges on a conspiracy to commit fraud in

civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful." *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 402 (Va. 1985). Here, the conspiracy necessarily occurred prior to the Plaintiffs allegedly being fraudulently induced to enter into the relevant loan transactions. (*See* Comp. ¶¶ 72-76.) As previously noted, actions based upon fraud must be commenced within two years after the Plaintiff knew or, through reasonable diligence, should have known of the fraud. Va. Code §§ 8.01-243 & 8.01-249. The Court's analysis here is identical to its analysis for Counts One through Three. The Court finds that Count Six is time-barred by the relevant statute of limitations and shall be dismissed.

Count Eight asserts, in part, a violation of the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-204. (*See* Compl. ¶¶ 85-86.) An action under the VCPA shall be commenced within two years after the action accrues. *See* Va. Code, §§ 59.1-204.1 (A), 8.01-230. "In actions for violations of the Consumer Protection Act (§ 59.1-196 et seq.) based upon any misrepresentation, deception, or fraud [a cause of action accrues] . . . when such fraud, mistake, misrepresentation,

---

the inducement, the Court will treat Count Six as a claim grounded in fraud. (See Compl. ¶¶ 71-74.).

deception, or undue influence is discovered or by the exercise
of due diligence reasonably should have been discovered." Va.
Code § 8.01-249.[3] Again, the injury to Plaintiffs from the
alleged misrepresentations of the Defendants occurred in 2005
and "by the exercise of due diligence reasonably should have
been discovered" in 2005. *See id.* Because the Complaint was
filed more than two years from the time such injury occurred, in
the absence of any Opposition offering any alternative argument
regarding an "injury" suffered under the VCPA, the VCPA claim in
Count Eight is time-barred by the applicable statute of
limitations.

    In Count Eight of the Complaint, the Plaintiffs also
seek damages under several Federal statutes. Specifically, they
allege violations of the Truth in Lending Act (15 U.S.C. § 1601)
("TILA") and accompanying Regulation Z (12 CFR § 226), along
with violations of the Real Estate Settlement Procedures Act (12
USC § 2601) ("RESPA") and accompanying Regulation X (24 CFR §
3500).

    TILA provides, in relevant part, that "any action
under this section may be brought in any United States District

---

[3] Alternatively, the VCPA states that a "a cause of action shall accrue as
provided in § 8.01-230." Va. Code § 59.1-204.1. As § 8.01-230 applied in
Counts Four and Five, the same analysis would apply here. As the Complaint
was filed on December 28, 2009, more than two years from when the alleged
injury occurred and the cause of action accrued, the VCPA claim is timed-
barred and shall be dismissed.

Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2010). The alleged "violations" here occurred at the time the Defendants allegedly failed to truthfully disclose information or, in other words, at the time that the Plaintiffs entered into the loan agreements in 2005. *See e.g., Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir 1980) (as modified by *Bartlik v. U.S. Dept. of Labor*, 62 F.3d 163 (6th Cir. 1995)); *Rodrigues v. Members Mortgage Co., Inc.*, 323 F.Supp.2d 202, (D. Mass. 2004). In the Complaint, the alleged actions that serve as the basis for a violation of TILA (and the regulations relating thereto, namely Regulation Z) occurred in 2005. (*See* Compl. ¶¶ 98-100). As the Complaint was filed on December 28, 2009, more than one year from when the alleged violations occurred, and the Plaintiffs have offered no alternative argument regarding the statute of limitations or the time the "violations occurred," the TILA and Regulation Z claims are time-barred by the applicable statute of limitations.

As to Plaintiffs' RESPA claims, the statute reads, in relevant part, "any action pursuant to the provisions of section 6, 8, or 9 [12 U.S.C. § 2605, 2607, or 2608] may be brought in the United States District Court . . . where the violation is alleged to have occurred, within 3 years in the case of a

violation of section 6 [12 U.S.C. § 2605] and 1 year in the case of a violation of section 8 or 9 [12 U.S.C. § 2607 or 2608] from the date of the occurrence of the violation . . ." 12 U.S.C. § 2614 (2010). This limitation is jurisdictional in nature. *Id.* Section 2605 of RESPA allows the greatest latitude for potential plaintiffs and requires that "[e]ach person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, *at the time of application for the loan*, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." 12 U.S.C. § 2605. In the Complaint, the alleged actions that serve as the basis for a violation of RESPA (and the regulations relating thereto, namely Regulation X) occurred in 2005, at the time the loan occurred. (*See* Compl. ¶¶ 98-17.) The Complaint was filed on December 28, 2009, which is more than three years from when the alleged actions arose, and so the federal claims asserted under Count Eight are time-barred by the applicable statutes of limitations.

B.  Failure to State a Claim:  Counts Seven and Nine[4]

Count Seven asserts an independent action of aiding and abetting against Defendants Aurora and Atlantic. Plaintiffs

---

[4] Count Four for Negligent misrepresentation has been dismissed as it is barred by the applicable statute of limitations, thus the Court need not address it again here. (*See* Compl. ¶¶ 57-64).

do not cite to any Virginia statute or case law that establishes a cause of action for "aiding and abetting" a tort. Defendants argue that no distinct tort for aiding and abetting exists under Virginia law. (Def.'s Mem. in Supp. of Mot. at 7.)

The Supreme Court of Virginia recently acknowledged that the existence of such a tort was not clearly established; however, the Court declined to directly address whether or not such a tort exists. *See Halifax Corporation v. Wachovia Bank,* 268 Va. 641 (Va. 2004). In *Halifax,* the Court did not explicitly recognize a cause of action for aiding and abetting a breach of fiduciary duty, but merely adopted the trial court's reasoning and assumed *arguendo* for purposes of analysis that Virginia recognized such a cause of action.[5] *See id.*

The Defendants' argument rests entirely on the premise that "there is no authority which would support an independent action for aiding and abetting." *See Tysons Toyota, Inc. v. Commonwealth Life Ins.*, *et al.,* 20 Va. Cir. 399, 400 (Fairfax Cir. Ct. 1990). In *Tysons Toyota*, the Court found that "a defendant who aids and abets in the commission of a tort may be jointly liable for the tort and is not liable for a separate

---

[5] There, the Court determined that if aider and abettor liability for a breach of fiduciary duty did exist in Virginia, the Plaintiffs' claims failed as it had failed to plead (1) actual knowledge of the underlying fiduciary duty and (2) actual knowledge of the breach of that fiduciary duty by the primary tortfeasor. *Id.* at 660 (*accord.* Restatement (Second) of Torts § 876(b)).

tort of adding and abetting." *Tysons Toyota,* 20 Va. Cir. at 400

(citing *Daingerfield v. Thompson*, 74 Va. 136 (1880)).  The

Plaintiffs have offered no statute or basis in common law that

would establish a cause of action for aiding and abetting,

either in their Complaint or in an opposition.  Accordingly,

this Court finds that Plaintiffs have failed to adequately state

a claim for "aiding and abetting" under Virginia law, and thus

Count Seven shall be dismissed.

Count Nine is an action for "Declaratory Judgment

(Action to Quiet Title)" brought pursuant to Va. Code § 8.01-184

*et seq.*  Defendants move to dismiss on the basis that the

allegations of Count Nine are insufficient to state a claim for

declaratory judgment under Va. Code § 8.01-184.[6]

"The purpose of the declaratory judgment statute is to

provide a mechanism for resolving uncertainty in controversies

over legal rights, without requiring one party to invade the

asserted rights of another in order to permit an ordinary civil

---

[6] Va. Code § 8.01-184 states:

> In cases of actual controversy, circuit courts within the scope
> of their respective jurisdictions, shall have power to make
> binding adjudications of right, whether or not consequential
> relief is, or at the time could be, claimed and no action or
> proceeding shall be open to objection on the ground that a
> judgment order or decree merely declaratory of right is prayed
> for. Controversies involving the interpretation of deeds, wills,
> and other instruments of writing, statutes, municipal ordinances
> and other governmental regulations, may be so determined, and
> this enumeration does not exclude other instances of actual
> antagonistic assertion and denial of right.

action for damages." *Umstattd v. Centex Homes, G.P.,* 274 Va. 541, 548 (Va. 2007) (*citing* Va. Code § 8.01-191).  Here, "[p]laintiffs demand an order from this Court declaring that title to the [Fredericksburg] Property is solely vested in Plaintiffs alone . . .."  (Compl. ¶ 112.)  Specifically, Plaintiffs' basis for declaratory judgment is that, even after the Plaintiffs defaulted on the loans, MERS was not a valid "holder of a Deed of Trust dated June 24, 2005" and thus has no right to "appoint substitute trustees" under Va. Code § 55-59(9).  (*See* Compl. ¶¶ 32, 112.)

"[A] declaratory judgment is unavailable in situations where . . . the claims and rights asserted have fully matured, and the alleged wrongs have already been suffered . . . ."  *The Hipage Co., Inc. v. Access2Go, Inc.*, 589 F.Supp.2d 602, 615 (E.D. Va. 2008), *aff'd, Hipage Co. v. Access2Go, Inc.*, 589 F.Supp.2d 602 (E.D. Va. 2008) (citing *Trull v. Smolka*, 2008 U.S. Dist. LEXIS 70233, at *24 (E.D. Va. 2008)); *see also Board of County Supervisors v. Hylton Enterprises, Inc.*, 216 Va. 582, 585 (Va. 1976).  Here, Plaintiffs are not attempting to "resolv[e] uncertainty in controversies over legal rights" but instead are seeking damages for alleged wrongdoings and injuries that have already taken place, including MERS's appointment of "Substitute Trustees."  *See Umstattd,* 274 Va. at 548.  The alleged

19

wrongdoings have already been suffered here and, as a result,
Plaintiffs have not adequately stated a claim for declaratory
judgment.  Count Nine shall be dismissed.

        C.   Addition of Necessary Parties

       Finally, Defendants do not move to dismiss Count Ten
of the Complaint, but rather seek to add a necessary party under
Federal Rules of Civil Procedure 12(b)(7) and 19.  In Count Ten
of the Complaint, the Plaintiffs seek injunctive relief
preventing, among other things, the foreclosure of the
Fredericksburg Property.  (*See* Compl. ¶¶ 5, 19, 120.)  Under
Rule 12(b)(7) of the Federal Rules of Civil Procedure, a party
may file a motion asserting that the plaintiff has failed to
join a necessary and/or indispensible party under Rule 19.  Fed.
R. Civ. P. 12(b)(7).  Rule 19 of the Federal Rules of Civil
Procedure provides, in relevant part:

> A person who is subject to service of process and
> whose joinder will not deprive the court of subject-
> matter jurisdiction must be joined as a party if: (A)
> in that person's absence, the court cannot accord
> complete relief among existing parties; or (B) that
> person claims an interest relating to the subject of
> the action and is so situated that disposing of the
> action in the person's absence may: (i) as a practical
> matter impair or impede the person's ability to
> protect the interest; or (ii) leave an existing party
> subject to a substantial risk of incurring double,
> multiple, or otherwise inconsistent obligations
> because of the interest.

Fed. R. Civ. P. 19(1).  In applying Rule 19, the Fourth Circuit has found that "all parties to a contract, and others having a substantial interest in it, are necessary parties."  *See Delta Financial Corp. v. Paul D. Comanduras & Assoc.*, 973 F.2d 301, 305 (4th Cir. 1992) (citations omitted).

The Plaintiffs filed for Chapter 13 bankruptcy protection in September of 2009.  Before the dismissal of that case, a non-party corporation, OneWest, FSB (formerly known as Indymac Federal Bank, FSB), filed a proof of claim for the loan on the Fredericksburg Property.  (Def.'s Mem. in Supp. of Mot. Ex. A.)  The Defendants request that an Order be entered directing that the Plaintiffs add "all necessary parties to this action, including specifically the owner, holder, and/or person entitled to enforce the promissory note associated with the [Fredericksburg Property], the trustee(s) under the applicable deed of trust associated with said loan., and any other lien holders that would be affected by such action."  (Def.'s Mem. in Supp. of Mot. at 10.)  In the interests of justice and judicial economy, and in an effort to fully and completely litigate Plaintiffs' case by having all parties to the contracts at issue participate in the litigation, this Court shall enter such an Order.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to join necessary parties pursuant to Rules 12(b)(7) and 19.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| June 3, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |