IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JOEL D. CALDERON, *et al.*,      )
                                 )
        Plaintiffs,              )
                                 )
        v.                       )      1:10cv129 (JCC/IDD)
                                 )
AURORA LOAN SERVICES,            )
INC., *et al.*,                  )
                                 )
        Defendants.              )


# **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Defendants
Aurora Loan Services, Inc. ("Aurora"), Mortgage Electronic
Registration Systems, Inc. ("MERS"), and Atlantic Law Group,
LLC's ("Atlantic"), (collectively, the "Defendants")[1] Motion to
Dismiss [Dkt. 6] Count 10 of Plaintiffs' Complaint (the
"Motion").  For the following reasons, the Court will deny
Defendants' Motion, but will dismiss, conditionally with

_____

[1] There are also five non-moving defendants in this case.  Defendant Kamaran
Hanif is the President of defendant Buckingham Mortgage Corp., which has a
principal place of business at 1593 Spring Hill Road, Suite 300, Vienna,
Virginia 22182.  (Compl. ¶ 7.)  Defendant Rasim S. Tugberk is the Vice-
President of defendant Buckingham Mortgage Corp.  (Compl. ¶ 8.)  Buckingham
Mortgage Corp. (together with Kamaran Hanif and Rasim S. Tugberk,
"Buckingham") is a Virginia corporation with a charter that was revoked on
August 31, 2007, having a principal place of business located at 1593 Spring
Hill Road, Suite 300, Vienna, Virginia 22182.  (Compl. ¶ 6.)  Defendant Ikon
Realty, Inc. (hereinafter, "Ikon") is a Virginia corporation having a
principal place of business located at 5709 Windsor Gate Lane, Fairfax,
Virginia 22030.  (Compl. ¶ 9.)  Defendant Harshall Aharya (hereinafter
"Aharya") is a Virginia licensed real estate agent working with Ikon at all
relevant times.  (Compl. ¶ 10.)

prejudice, the Complaint for failure prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## I. Background

### A.  Factual Background

The facts of this case are familiar to the Court and are recounted in detail in this Court's June 3, 2010 Memorandum Opinion (the "Opinion"). [Dkt. 4.]  This case arises out of the June 29, 2005 refinancing of the mortgage on a residential property located at 2022 Cumberland Drive, Woodbridge, Virginia 22191 (the "Woodbridge Property") in connection with Plaintiffs' purchase of a second residential property located at 71 Tracey Lane, Fredericksburg, Virginia 22406 (the "Fredericksburg Property").  (Compl. ¶¶ 18-19, 22.)

Plaintiffs' Complaint alleged certain wrongdoings arising out of the refinancing of the Woodbridge Property and the subsequent purchase of the Fredericksburg Property in June and July of 2005, respectively.  (Compl. ¶¶ 39-120.)  In eight counts of their Complaint, the Plaintiffs alleged constructive fraud, fraud (intentional misrepresentation), fraud (concealment or nondisclosure), negligent misrepresentation, negligence, civil conspiracy, aiding and abetting, and violations of certain statutory and/or regulatory provisions (*i.e.*, the Virginia Consumer Protection Act, the Truth in Lending Act, Regulation Z, the Real Estate Settlement Procedures Act, and Regulation X).

The ninth count is identified as a "Declaratory Judgment" action, and the tenth count seeks "Injunctive Relief" barring, among other things, the foreclosure of the Fredericksburg Property.

After Plaintiffs allegedly defaulted on their obligations under the refinancing of the Woodbridge Property, Defendant MERS, identifying itself as "*holder of a Deed of Trust* dated June 24, 2005 . . .," executed a Deed of Appointment of Substitute Trustees appointing Defendant Atlantic as "Substitute Trustee" under the "Deed of Trust" for the Woodbridge Property. (Compl. ¶¶ 32, 35.) The Deed of Appointment was prepared on December 14, 2009, and was intended to be effective from November 20, 2007. (Compl. ¶ 35.) Plaintiffs alleged that "at no time" was MERS a holder of the "Note" or "Deed of Trust", nor was it a "trustee" or "substitute trustee," nor, Plaintiffs alleged, was MERS ever entitled to act in any capacity under the Deed of Trust. (Compl. ¶ 36.)

The Plaintiffs filed for Chapter 13 bankruptcy protection in September of 2009. (Mem. Op.[2] at 21.) Before the dismissal of that case, a non-party corporation, OneWest, FSB (formerly known as Indymac Federal Bank, FSB) ("OneWest"), filed a proof of claim for the loan on the Fredericksburg Property. *Id.*

---

[2] This Court's June 3, 2010 Memorandum Opinion [Dkt. 4] will be referred to as "Mem. Op."

B.    Procedural Background

On December 28, 2009, Plaintiffs filed a 10-count Complaint in the Circuit Court for Prince William County, Virginia.  [Dkt. 1, Ex. A.]  On February 16, 2010, Defendant Aurora removed the case to this Court.  [Dkt. 1.]  On February 23, 2010, Defendants filed a motion to dismiss Counts One through Nine of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to add certain necessary parties as defendants for purposes of Count 10 pursuant to Rule 12(b)(7).  [Dkt. 2.]  Plaintiffs did not oppose that motion.

On June 3, 2010, this Court dismissed Counts One through Nine of the Complaint as to Defendants and ordered Plaintiffs to "add all necessary parties to this action, including, but not limited to, the owner(s), holder(s), and/or person(s) entitled to enforce the promissory note associated with the [Fredericksburg Property], the trustee(s) under the applicable deed of trust associated with said promissory note, and any other lienholders that would be affected by the injunctive relief sought in Count Ten" within 30 days of June 3, 2010 (the "June 3 Order").  [Dkt. 5.]

Plaintiffs have failed to comply with or otherwise respond to the June 3 Order and have not responded to Defendants' Motion.  Plaintiffs did not appear at the oral argument regarding the Motion scheduled before this Court on

4

January 14, 2011.  Defendants' unopposed Motion is before the Court.

## II.  Standard of Review

In Count 10 of the Complaint, the Plaintiffs seek injunctive relief preventing, among other things, the foreclosure of the Fredericksburg Property.  (*See* Compl. ¶¶ 5, 19, 120.)  Defendants argue that because Plaintiffs have failed to add all necessary parties pursuant to the June 3 Order, Count 10 should be dismissed for failure to join the indispensable parties.  (Mem.[3] at 3.)

Federal Rule of Civil Procedure 12(b)(7) permits a court to dismiss an action when a plaintiff fails to join an indispensable party in accordance with Rule 19.  Rule 19 sets forth a two-step inquiry to determine whether a party should be joined in an action.  First, a district court must determine whether the party is "necessary" to the action under Rule 19(a). *Nat'l Union Fire Ins. Co. v. Rite ex rel. S.C.*, 210 F.3d 246, 250 (4th Cir. 2000).  Second, "if a necessary party is unavailable for some reason, it must be determined whether the party is 'indispensable' to the case, in that the party's appearance is so essential that the case must be dismissed." *DPR Const., Inc. v. IKEA Property, Inc.*, No. 1:05cv259, 2005 WL 1667778, at *2 (E.D. Va. July 5, 2005).

---

[3] Defendants Memorandum of Points and Authorities in Support [Dkt. 7] of the Motion will be referred to as "Mem."

Even assuming OneWest, or any other party for that matter, is necessary and indispensable, dismissal under Rule 19(b) is proper only *after* it is shown that a necessary party *cannot be joined*. *See* Fed. R. Civ. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."); *Hazbun Escaf v. Rodriquez*, 191 F. Supp. 2d 685, 691 (E.D. Va. 2002) ("[S]econd, if a necessary party cannot be joined for some reason, it must be determined whether the party is 'indispensable' to the case[.]"). Here, Defendants have made no such showing. Accordingly, because nothing in the record illustrates that OneWest or any other necessary party cannot be joined, and Defendants have made no arguments to that effect, dismissal pursuant to Rule 19 is improper and will not be ordered.

Plaintiffs, however, have nonetheless neglected to abide by this Court's June 3 Order to add to this action all necessary parties, failing to respond to the Order or to Defendants Motion. Under the Federal Rules of Civil Procedure, "[i]f [a] plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). While Defendants have not so moved here, a district court "has the

inherent power to dismiss *sua sponte* a case for lack of prosecution, even without affording notice of its intention to do so or providing an adversarial hearing before acting." *Calkins v. Pacel Corp.*, 602 F. Supp. 2d 730, 735 (W.D. Va. 2009) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2369 (3d ed. 2010). The Fourth Circuit has recognized the authority that this rule gives courts "to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). A district court's decision to dismiss a suit under Rule 41(b) is reviewed for abuse of discretion. *Id.* Because Plaintiffs have failed to comply with the June 3 Order, the Court *sua sponte* will address whether Plaintiffs action should be dismissed for failure to prosecute, pursuant to Rule 41(b).

### III. Analysis

Dismissal with prejudice under Federal Rule Civil Procedure 41(b) is "a harsh sanction which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has set forth four criteria for a district court to consider in determining whether dismissal is appropriate: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the

defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). These factors "are not a rigid four-prong test," and dismissal "depends on the particular circumstances of the case." *Ballard*, 882 F.2d at 95. This Court will balance these factors to determine whether dismissal is appropriate in the instant matter.

Since Defendants removed this case to this Court on February 16, 2010, Plaintiffs have not filed any papers with this Court. Plaintiffs did not respond to Defendants February 23, 2010 Motion to Dismiss Counts One through Nine of the Complaint, did not comply with the June 3 Order, and did not respond to or appear at oral argument regarding the Motion presently before the Court.[4] Because of these failures to respond, "[t]he record in this case supports a finding that Plaintiffs' counsel repeatedly failed to take responsibility in this litigation." *Espejo v. George Mason Mortg., LLC*, No. 1:09cv1295, 2010 WL 1641467, at *3 (E.D. Va. Apr. 22, 2010).

---

[4] Though not material here, the Court notes that in another case filed in this Court based on the same property transactions and substantively identical to this instant matter, *Calderon, et al., v. OneWest Bank, FSB, et al.*, No. 1:10cv00217 (E.D. Va. 2010), filed in the Circuit Court for Stafford County, Virginia, on December 7, 2009, and removed to this Court on March 8, 2010, in which the Court granted a motion to dismiss on April 16, 2010, Plaintiffs likewise did not make any filings.

As to the first factor, the degree of personal responsibility on the part of the plaintiff, as Plaintiffs have not filed anything with this Court, nothing in the record reflects on this factor. Plaintiffs themselves, however, are ultimately responsible for their attorneys' conduct. *Byerson v. Equifax Information Services, LLC*, No. 6:07cv00005, 2009 WL 82497, at *2 (D.S.C. Jan. 9, 2009); *Porter v. Guarino*, 223 F.R.D. 282, 284 (M.D.N.C. 2004) ("[A] plaintiff can be held responsible for his or her attorney's conduct."). That nothing in the record illustrates that Plaintiffs, as opposed to their counsel, bear responsibility for the failure to make any filings with this Court cuts both ways--they are neither clearly at fault nor clearly relieved from it. Because as a general matter parties are ultimately responsible for the conduct of their cases, this factor is at least in equipoise for purposes of the four-prong test.

As to the second factor, the amount of prejudice to the defendant caused by the delay, Defendants have been and would continue to be prejudiced. Until all necessary parties, OneWest or otherwise, are added to this case, or until Plaintiffs illustrate that there are no necessary parties lacking, any determination in this matter would not fully resolve the controversy arising from the Fredericksburg Property and the injunctive relief sought in Count 10 of the Complaint,

because other parties could have unresolved claims on the Fredericksburg Property. Any further prolonging of this matter without the participation of Plaintiffs would continue to prejudice any rights Defendants may have with respect to the real property at issue and otherwise continue to waste the parties', and this Court's, time and resources.

As to the third factor, Plaintiffs have "a history of deliberately proceeding in a dilatory fashion." *Davis*, 588 F.2d at 70. As mentioned above, Plaintiffs have failed to comply with or otherwise respond to this Court's June 3 Order to join any necessary parties and have not opposed any of motions that have been filed with this Court or made any filings or appearances whatsoever over last 11 months. Taken as a whole, Plaintiffs' behavior illustrates they have proceeded in a dilatory fashion.

As to the fourth factor, because the Court recognizes the draconian nature of the sanction afforded by Rule 41(b)--a dismissal with prejudice--it considers other available sanctions that would also be effective. Given Plaintiffs' complete failure to comply with the June 3 Order and their continued failure to respond to any of Defendants' motions or otherwise participate in this matter, the Court does not see an effective remedy less drastic than a dismissal in this case. The Court has no interest in keeping Defendants in unnecessarily prolonged

litigation that is not being actively prosecuted by Plaintiffs and likewise has no interest in rewarding Plaintiffs who irresponsibly failed to litigate this case. *Espejo*, 2010 WL 1641467, at *3. Given the harsh nature of dismissal with prejudice, however, the Court will order Plaintiffs to show good cause within 7 days as to why the Complaint should not be dismissed with prejudice. *Id*. If Plaintiffs fail to respond to show good cause within the allotted time, the Court will then dismiss Plaintiffs' Complaint *with* prejudice pursuant to Rule 41(b). *Id*.

## IV. Conclusion

For these reasons, the Court will deny Defendants' Motion, but will dismiss, conditionally with prejudice, the Complaint for failure prosecute pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order will issue.


_____
/s/
January 19, 2011                     James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE