```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division
```

JOEL D. CALDERON, *et al.*,       )
                                  )
    Plaintiffs,                   )
                                  )
        v.                    )  1:10cv129 (JCC/IDD)
                                  )
AURORA LOAN SERVICES,             )
INC., *et al.*,                   )
                                  )
    Defendants.                   )

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the defendants Aurora Loan Services, Inc. ("Aurora"), Mortgage Electronic Registration Systems, Inc., and Atlantic Law Group, LLC's (collectively, the "Defendants")[1] Motion to Supplement the Final Order to the Include Release of the Lis Pendens (the "Motion"). [Dkt. 13.] For the following reasons, the Court will grant Defendants' Motion.

---

[1] There are also five non-moving defendants in this case. Defendant Kamaran Hanif is the President of defendant Buckingham Mortgage Corp. ("Buckingham"), which has a principal place of business at 1593 Spring Hill Road, Suite 300, Vienna, Virginia 22182. (Complaint ("Compl.") ¶ 7.) Defendant Rasim S. Tugberk is the Vice-President of Buckingham. (Compl. ¶ 8.) Buckingham is a Virginia corporation with a charter that was revoked on August 31, 2007, having a principal place of business at 1593 Spring Hill Road, Suite 300, Vienna, Virginia 22182. (Compl. ¶ 6.) Defendant Ikon Realty, Inc. ("Ikon") is a Virginia corporation having a principal place of business at 5709 Windsor Gate Lane, Fairfax, Virginia 22030. (Compl. ¶ 9.) Defendant Harshall Aharya is a Virginia licensed real estate agent working with Ikon at all relevant times. (Compl. ¶ 10.)

### I. Background

The facts of this case are familiar to the Court and are recounted in detail in this Court's June 3, 2010 Memorandum Opinion (the "Opinion"). [Dkt. 4.] This case arises out of the June 29, 2005 refinancing of the mortgage on a residential property located at 2022 Cumberland Drive, Woodbridge, Virginia 22191 (the "Woodbridge Property") in connection with Plaintiffs' purchase of a second residential property located at 71 Tracey Lane, Fredericksburg, Virginia 22406 (the "Fredericksburg Property"). (Compl. ¶¶ 18-19, 22.)

On December 28, 2009, Plaintiffs filed a 10-count Complaint in the Circuit Court for Prince William County, Virginia. [Dkt. 1, Ex. A.] Plaintiffs' Complaint alleged certain wrongdoings arising out of the refinancing of the Woodbridge Property and the subsequent purchase of the Fredericksburg Property. (Compl. ¶¶ 39-120.) In connection with their Complaint, Plaintiffs recorded a *lis pendens* in the Prince William County land records, Instrument Number 200912280121838, dated December 28, 2009 (the "*lis pendens*"). (Memorandum in Support of the Motion [Dkt. 13-1] ("Mem.") at 1; Mem. Ex. A [Dkt. 13-2].)

On February 16, 2010, Aurora removed the case to this Court. [Dkt. 1.] On February 23, 2010, Defendants filed a motion to dismiss Counts One through Nine of the Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) and to add certain necessary parties as defendants for purposes of Count 10 pursuant to Rule 12(b)(7), [Dkt. 2], which this Court granted on June 3, 2010 (the "June 3 Order"), [Dkt. 5].

Plaintiffs failed to comply with or otherwise respond to the June 3 Order, so on January 19, 2011, this Court dismissed Plaintiffs' Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [Dkt. 11.] The Court did so without prejudice and permitted Plaintiffs to file a brief showing cause as to why the Court should not dismiss with prejudice. [Dkt. 11.] Because Plaintiffs failed to file any brief, this Court dismissed Plaintiffs' Complaint with prejudice on February 4, 2011, as to all defendants named in this case. [Dkt. 12.]

The Court's January and February 2011 orders did not address the *lis pendens*. Thus, on June 14, 2011, Defendants filed the Motion. [Dkt. 13.] Plaintiffs have not responded to the Motion. Defendants' Motion is before the Court.

## II. Standard of Review

Federal Rule of Procedure 60(a) states that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

## III. Analysis

Defendants move this Court to "correct[]" its "omission"[2] of language releasing the *lis pendens* from its Order dismissing this case because the necessary implication of the Court's disposition of this case is that the *lis pendens* should be removed. (Mem. at 2-3.)

As this Court stated in its June 3, 2010 Memorandum Opinion, jurisdiction is proper in this case based on diversity of citizenship under 28 U.S.C. § 1332. [Dkt. 4 at 8.] Virginia state law governs diversity disputes relating to real property located in Virginia. *Lee v. Zom Clarendon, L.P.*, 689 F. Supp. 2d 814, 819 (E.D. Va. 2010.) Virginia Code § 8.01-269 states that when a case giving rise to a *lis pendens*

> is dismissed, or judgment or final decree in such attachment or cause is for the defendant or defendants, *the court shall direct in its order* (i) that the names of all interested parties thereto, as found in the recorded attachment or *lis pendens* be listed for the clerk, and (ii) that the attachment or *lis pendens* be released.

(emphasis added). Here, as this case was dismissed,[3] Virginia Code § 8.01-269 provides that the Court's order dismissing the case "shall" direct "that the . . . *lis pendens* be released."

---

[2] Though Defendants cast this "omission" as an error on the Court's part, Defendants have not previously asked this Court to release the *lis pendens*, nor did Defendant notify the Court of the existence of the *lis pendens*. Indeed, a review of the case's docket reveals no *lis pendens* or mention of it until the Motion. Moreover, the Court notes that though this case was dismissed with prejudice on February 4, 2011, Defendants did not file the Motion until June 14, 2011, over four months later. Nonetheless, the Court did not address the *lis pendens's* fate when it dismissed this case.

[3] Cases dismissed with prejudice are normally considered to be decisions on the merits. *See Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534-35 (4th Cir. 1991).

*Id*.  Given Virginia Code § 8.01-269, the failure to order the release of the *lis pendens* was "a mistake arising from oversight or omission."  Fed. R. Civ. P. 60(a).  Thus, the Court will supplement its prior order dismissing this case with an order releasing the *lis pendens*, as directed by Virginia Code § 8.01-269.

### IV. Conclusion

For these reasons, the Court will grant Defendants' Motion.

An appropriate Order will issue.

|  |  |
|---|---|
| | /s/ |
| July 13, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |